FILED IN OPEN COURT
U.S.D.C. ATLANTA

Date: _11/13/2025_____

KEVIN P. WEIMER, Clerk

By: _S/Lisa Enix_____

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>SERVANDO CORONA PENALOZA,<br>A/K/A "ARMANI" | Criminal Information<br><br>No. 1:25-CR-0451 |

THE UNITED STATES ATTORNEY CHARGES THAT:

### Count One
### Conspiracy to Traffic Firearms
### (18 U.S.C. § 933)

1. Beginning on a date unknown, but at least as of on or about June 25, 2023, and continuing until on or about February 6, 2025, in the Northern District of Georgia and elsewhere, the defendant, SERVANDO CORONA PENALOZA, A/K/A "ARMANI," did knowingly combine, conspire, confederate, agree, and have a tacit understanding with others known and unknown, to violate Title 18, United States Code, Section 933(a)(1), that is, to ship, transport, transfer, cause to be transported, and otherwise dispose of at least one firearm to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony (as defined in Title 18, United States Code, Section 932(a)(1)(B)), all in violation of Title 18, United States Code, Sections 933(a)(3) and 933(b).

### Count Two
### Conspiracy to Possess with Intent to Distribute Controlled Substances
### (21 U.S.C. § 846)

2.  Beginning on a date unknown, but at least as of on or about June 25, 2023, and continuing until on or about February 6, 2025, in the Northern District of Georgia and elsewhere, the defendant, SERVANDO CORONA PENALOZA, A/K/A "ARMANI," did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with others known and unknown, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance, said conspiracy involving:

a) at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A), and

b) at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A),

all in violation of Title 21, United States Code, Section 846.

### Count Three
### Conspiracy to Commit Concealment Money Laundering
### (18 U.S.C. § 1956(h))

3.  Beginning on a date unknown, but at least as of on or about June 25, 2023, and continuing until on or about February 6, 2025, in the Northern District of Georgia and elsewhere, the defendant, SERVANDO CORONA PENALOZA, A/K/A

"ARMANI," did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with others known and unknown, to conduct and attempt to conduct a financial transaction in and affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance punishable under a law of the United States, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

### Prior Conviction Notice
### (21 U.S.C. § 851)

Before the defendant, SERVANDO CORONA PENALOZA, a/k/a "ARMANI," committed the offense charged in Count Two of this Information, he was convicted of:

- Trafficking in Methamphetamine, in violation of O.C.G.A. § 16-13-30, on or about March 5, 2013, in the Superior Court of Gwinnett County, Georgia, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from any term of imprisonment within 15 years of the commencement of the offense charged in Count Two of this Information, and

3

- Trafficking in Methamphetamine, in violation of O.C.G.A. § 16-13-30, on or about March 21, 2019, in the Superior Court of Gwinnett County, Georgia, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from any term of imprisonment within 15 years of the commencement of the offense charged in Count Two of this Information.

As a result of these convictions, the defendant is subject to increased punishment under Title 21, United States Code, Section 841(b)(1)(A).

### Forfeiture Provision

Upon conviction of the offense alleged in Count One of this Information, the defendant, SERVANDO CORONA PENALOZA, A/K/A "ARMANI," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 934(a), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Information.

Upon conviction of the offense alleged in Count Two of this Information, the defendant, SERVANDO CORONA PENALOZA, A/K/A "ARMANI," shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Count Two of this Information.

Upon conviction of the offense alleged in Count Three of this Information, the defendant, SERVANDO CORONA PENALOZA, A/K/A "ARMANI," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property obtained as a result of the offense alleged in Count Three of this Information.

If, any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

THEODORE S. HERTZBERG
  *United States Attorney*


DWAYNE A. BROWN JR.
  *Assistant United States Attorney*
Georgia Bar No. 509554

CALVIN A. LEIPOLD III
  *Assistant United States Attorney*
Georgia Bar No. 442379

BETHANY L. RUPERT
  *Assistant United States Attorney*
Georgia Bar No. 971630

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000